**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

**EVELYN L. MIDDLETON,**

**Plaintiff,**

**v.** **Civil Action No. 4:06cv72**

**UNITED STATES DEPARTMENT OF LABOR,**

**Defendant.**

**ORDER AND OPINION**

This matter comes before the court on the plaintiff's motion for summary judgment and the defendant's cross-motion for summary judgment. After examination of the briefs and record, this court determines oral argument is unnecessary because the facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. The court, for the reasons set out fully herein, **GRANTS** the defendant's motion for summary judgment and **DENIES** the plaintiff's motion for summary judgment

**I. Procedural History**

On May 30, 2006, plaintiff Evelyn L. Middleton, pro se, filed a complaint with this court, seeking declaratory and injunctive relief from the defendant, the United States Department of Labor, stemming from certain requests for information that the plaintiff made under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The plaintiff avers in her complaint that she requested the defendant to produce records pertaining to certain claims the plaintiff had filed against various companies and individuals between 2001 and 2005, that the defendant failed to

produce the desired records, and that the records that the defendant did produce in response to the plaintiff's requests were improperly redacted.

On July 6, 2006, the defendant filed an answer, in which it admitted that the plaintiff had made the alleged FOIA requests, but denied that it had improperly redacted information and averred that it had made a diligent search of its records and found only six pages of records that it believed were within the purview of the plaintiff's requests, all of which pertained to telephone calls that the plaintiff had made to the defendant regarding her requests. On August 4, 2006, the plaintiff filed a Motion for Summary Judgment and Permanent Injunction, pursuant to Rule 56 of the Federal Rules of Civil Procedure, but without an accompanying memorandum. On August 18, 2006, the defendant filed a Cross-Motion for Summary Judgment, along with an accompanying memorandum in support of its motion and in opposition to the defendant's motion, filed with supporting sworn declarations. At the same time, the defendant filed the required Roseboro notice.

On August 22, 2006, the defendant filed a supplemental declaration, correcting an error contained in a declaration previously filed. On August 23, 2006, the plaintiff filed an affidavit in support of her motion, in which she listed the facts of the case as she believes them. The defendant filed a reply brief on August 25, 2006, urging this court to grant its motion and deny the plaintiff's motion on the grounds that no genuine issues of material fact exist and the defendant is entitled to judgment as a matter of law.

**I. Factual Background**

The plaintiff alleges that she made a request under the FOIA on August 18, 2005, from the defendant, for all records of investigations, sanctions, and settlement agreements entered into

by the defendant on the plaintiff's behalf regarding complaints made by the plaintiff between 2001 and 2005 against American International Group, Centra Health, Dreyfus, Harry Rhodes of Berch and Rhodes, and the Law Office of Edmunds and Williams.  On October 13, 2005, the defendant informed the plaintiff by letter that the Employee Benefits Security Administration ("EBSA"), an agency of the defendant, had searched the records at its national office and found no information responsive to her FOIA request.  The plaintiff alleges that she sent a letter of appeal to the Solicitor of Labor on October 14, 2005.  On January 5, 2006, plaintiff sent a FOIA request to the Cincinnati Regional Office of the EBSA, to which she received a reply dated January 19, 2006, in which the defendant reiterated the information contained in its October 13, 2005 letter to the plaintiff.  The plaintiff appealed this by letter to the Solicitor of Labor on January 24, 2006, noting her belief that the records she was requesting were in the Cincinnati Regional Office, not the EBSA national office.  The plaintiff sent an identical FOIA request on February 8, 2006, to the Solicitor of Labor, to which she received an identical response from the defendant regarding its failure to find any relevant records in its national office, on March 14, 2006.  Meanwhile, on February 1, 2006, the defendant, by the Regional Director of the Cincinnati Regional Office, informed the plaintiff by letter that it had found no records responsive to her request, but had found six pages of records concerning the plaintiff, which documented telephone calls made by the plaintiff to the defendant.  The defendant released copies of these six pages to the plaintiff, redacting certain personal information, including the names of the employees who handled the plaintiff's calls and a department identification number. On March 10, 2006, the plaintiff sent a letter of appeal to defendant, which was acknowledged by letter dated March 23, 2006.

The plaintiff's underlying allegations appear to stem from an incident involving an exchange of certain securities owned by the plaintiff for other securities. It appears as though the plaintiff believes that a retirement savings account of hers was improperly debited after the transaction in question, although the evidence indicates that the debit was a correction for a previous clerical error, in which the new securities were recorded as purchased but the old securities were not recorded as sold, thereby resulting in the plaintiff's account balance doubling overnight. The plaintiff seeks information from the defendant with regard to any investigation that the defendant may have made of the incident, as well as any sanctions or settlement agreements entered into by the defendant on the plaintiff's behalf. The defendant has almost invariably responded that its records contain no information that is within the scope of the plaintiff's request. With the exception of six pages documenting telephone calls from the plaintiff to the defendant, the defendant has released no records in response to the plaintiff's repeated FOIA requests, and the defendant claims that it is reasonably certain that the requested records do not exist.

The plaintiff urges in her complaint that she has exhausted all administrative appeals, and is entitled to the documents she has sought to obtain from the defendant. The plaintiff also appears to claim that the six pages released by the defendant were improperly redacted.

**III. Standard of Review**

Summary judgment under Federal Rule of Civil Procedure 56 is only appropriate when the court, viewing the record as a whole and in the light most favorable to the non-moving party, determines that there exist no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. See, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986);

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986); Terry's Floor Fashions, Inc. v. Burlington Indus., Inc., 763 F.2d 604, 610 (4th Cir. 1985). Once a party has properly filed evidence supporting the motion for summary judgment, the non-moving party may not rest upon mere allegations in the pleadings, but must instead set forth specific facts illustrating genuine issues for trial. Celotex Corp., 477 U.S. at 322-24. Such facts must be presented in the form of exhibits and sworn affidavits. Failure by the plaintiff to rebut defendant's motion with such evidence will result in summary judgment. "[T]he plain language of Rule 56 mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. Although the moving party bears the initial burden of stating the basis for its motion, that burden can be discharged if the moving party can show "an absence of evidence to support the non-moving party's case." Id. at 323, 325. After the moving party has discharged the burden, the non-moving party must then designate specific facts showing that there is a genuine issue of material fact. Id. at 324.

To enter summary judgment, a court does not need to determine that there are no factual issues in dispute. To find against the moving party, however, the court must find both that the facts in dispute are material and that the disputed issues are genuine. A factual dispute is deemed to be material if it is dispositive of the claim. See Thompson Everett, Inc. v. National Cable Advertising, L.P., 57 F.3d 1317, 1323 (4th Cir. 1995). Similarly, a factual dispute is considered genuine if it is based on more than speculation or inference. Celotex Corp., 477 U.S. at 327; Runnebaum v. NationsBank of Md., N.A., 123 F.3d 156, 164 (4th Cir. 1997) (en banc), overruled on other grounds by Bragdon v. Abbott, 524 U.S. 624 (1998).

While it is the movant's burden to show the absence of a genuine issue of material fact, Pulliam Investment Co., Inc. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir. 1987), it is the non-movant's burden to establish the existence of such an issue. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-587 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. To survive summary judgment, the non-moving party must present evidence that is "significantly probative." Celotex Corp., 477 U.S. at 327.

In a case involving a pro se plaintiff, the court should construe the pleadings liberally. Weller v. Department of Social Services, 901 F.2d 387, 391 (4th Cir. 1990); see also Haines v. Kerner, 404 U.S. 519, 520 (noting that pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers"). Although the plaintiff did not file a response to the defendant's motion captioned as such, she did file an "Affidavit in Support of Motion for Summary Judgment," in which she listed her version of certain relevant facts. In light of the liberal construction granted to pro se litigants, and the defendant's apparent treatment of the plaintiff's affidavit as a response to its motion for summary judgment, this court will construe the plaintiff's affidavit as a response to the defendant's motion.

The Freedom of Information Act, 5 U.S.C. § 552, provides the public with a means to obtain information in possession of government agencies that does not fall within one of FOIA's exemptions. See 5 U.S.C. § 552(b). The Act specifically grants jurisdiction to the federal district courts to enjoin government agencies from withholding requested records and to order the production of agency records that have been improperly withheld. 5 U.S.C. § 552(a)(4)(B). A

district court's evaluation of a FOIA claim is de novo. Id. Should a court determine it to be necessary, it may examine "agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions" enumerated in section 552(b). Id. In such an action, the burden of proof lies on the agency whose records have been requested. Id. The legislative history of section 552(a)(4)(B) "discloses a congressional intention that the judge need not inspect the document in camera or require its production. He may act on the basis of testimony or affidavits . . . ." Alfred A. Knopf, Inc. v. Colby, 509 F.2d 1362, 1367 (4th Cir. 1975).

**IV. Analysis**

A. Records Withheld

In evaluating the adequacy of a government agency's search for documents pursuant to a FOIA request, "the relevant question is not whether every single potentially responsive document has been unearthed, but whether the agency has 'demonstrate[d] that it has conducted a search reasonably calculated to uncover all relevant documents.'" Ethyl Corp. v. United States Environmental Protection Agency, 25 F.3d 1241, 1246 (4th Cir. 1994) (citation omitted) (quoting Weisberg v. United States Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). The adequacy of the agency's search, though, must be demonstrated with reasonable detail, such as by an affidavit "'setting forth the search terms and the type of search to be performed, and averring that all files likely to contain responsive materials (if such records exist) were searched' so as to give the requesting party an opportunity to challenge the adequacy of the search." Id. (quoting Oglesby v. United States Dep't of Army, 920 F.2d 57, 68 (D.C. Cir. 1990)).

The plaintiff seeks access to information that she alleges the defendant is withholding

from her, in violation of the Freedom of Information Act, 5 U.S.C. § 552. The defendant has responded to the plaintiff's repeated FOIA requests by informing her that it has conducted searches of its files and has uncovered no records within the purview of her requests, and only six pages of records related to phone calls that the plaintiff had made to the defendant in regard to her requests. In response to the plaintiff's motion for summary judgment, and in support of its own such motion, the defendant has submitted sworn declarations from Sharon Watson, Director of the Office of Participant Assistance of the EBSA, and Joseph Menez, Director of the Cincinnati Regional Office of the EBSA, which chronicle the defendant's repeated searches for the information requested by the plaintiff. In these declarations, both Ms. Watson and Mr. Menez describe computer searches conducted in the "Technical Assistance Inquiry System" (a database of information from individuals who contact the Department of Labor with questions regarding retirement, health care, and other employee benefits) and the "Enforcement Management System" (a management information system that allows Department of Labor employees to compile data on investigations) using search terms that included the name of the plaintiff and the names of the companies and individuals about whom the plaintiff was seeking records. Consistent with the defendant's position, Ms. Watson and Mr. Menez both aver that no records were found concerning investigations, sanctions, or settlement agreements in accordance with the plaintiff's request. Mr. Menez notes that his office found six pages of administrative information in the Technical Assistance Inquiry System, which related to the plaintiff's telephone calls to the Cincinnati Regional Office of the EBSA. These six pages, with certain information redacted, were forwarded to the plaintiff, and she acknowledges receipt of them.

   The declarations of Ms. Watson and Mr. Menez also aver that neither the EBSA National

Office nor the EBSA Cincinnati Regional Office has ever opened an investigation as a result of a complaint made by the plaintiff from 2001 to 2005 against the individuals and companies named by the plaintiff in her FOIA requests. Therefore, claims the defendant, the documents and information that the plaintiff seeks via her FOIA requests simply do not exist. The plaintiff has not presented evidence to the contrary, save her own allegations. Although the dispute over whether any such records exist is arguably a factual one, it is not a genuine dispute, because the plaintiff's case is based merely upon speculation and inference. See Celotex, 477 U.S. at 327. The plaintiff is not entitled to rest upon the allegations made in her pleadings and repeated in her motion for summary judgment and affidavit. Instead, she must set forth specific facts illustrating genuine issues for trial. Id. at 322-24. This she has not done. Because it is clear that the defendant is entitled to judgment as a matter of law, the plaintiff's claim cannot survive the defendant's motion for summary judgment.

B. Exemptions

"The Freedom of Information Act establishes a general policy of full disclosure unless the information requested is clearly exempted." Core v. United States Postal Serv., 730 F.2d 946, 947 (4th Cir. 1984) (citing Dep't of Air Force v. Rose, 425 U.S. 352, 361 (1976)). Here, the defendant, in providing the plaintiff with a copy of the six pages that its searches uncovered in response to her FOIA request, redacted certain information from those documents. Specifically, the defendant redacted a department identification number and the names of two employees. The plaintiff asks this court to require the defendant to release to her the six pages in their entirety.[1]

---

[1]The court notes that there may be some confusion on the plaintiff's part as to what information was withheld. In a letter dated February 1, 2006, Mr. Menez, the director of the Cincinnati Regional Office of the EBSA, responded to the plaintiff's January 26, 2006 FOIA request by

In response, the defendant cites two separate exemptions from the FOIA: exemption 2, pertaining to matters "related solely to the internal personnel rules and practices of an agency," 5 U.S.C. § 552(b)(2); and exemption 6, which pertains to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Because this court is entitled to rely upon the affidavits submitted in determining whether a FOIA exemption is applicable, it declines to inspect the contested documents in camera. See Knopf, 509 F.2d at 1367. This court has, however, viewed the documents in redacted form as provided to the plaintiff, and notes that, in accordance with the defendant's contention, three of the six pages have had small portions of text blacked out.

Although the defendant had previously only raised exemption 2 to justify its nondisclosure of the redacted information, it now argues that exemption 6 also provides justification of the redaction of the names of two of the defendant's employees. In the letter of February 1, 2006, from Joseph Menez to the plaintiff, exemption 2 was cited in support of the defendant's withholding of information. Because FOIA provides for de novo judicial review, "an agency does not waive FOIA exemptions by not raising them during the administrative process." Young v. Cent. Intelligence Agency, 972 F.2d 536, 538-39 (4th Cir. 1992) (citing Dubin v. Dep't of Treasury, 555 F. Supp. 408, 412 (N.D. Ga. 1981), aff'd, 697 F.2d 1093 (11th

---

informing her that the information she had requested was contained in an investigatory file, and that the defendant was withholding "in whole or in part 3 pages of information." (Def. Exhibit B-4). The defendant has later clarified that this language simply meant that information was redacted on three of the six pages that were responsive to the plaintiff's request. It appears that the plaintiff may believe that there are three entire pages that have been withheld, in addition to the six that were disclosed with certain information redacted. The defendant avers that this is not the case, and that the only information withheld is the identification number and the names of two employees, all of which have been blacked out on the copies forwarded to the plaintiff.

Cir. 1983)).

The defendant claims that the six pages of administrative records that it provided to the plaintiff had a department control identification number redacted pursuant to FOIA in two places. This ID number, claims the defendant, is a trivial administrative matter of no genuine public interest, and is therefore entitled to the protection of exemption 2. Analogous to this case is the Fourth Circuit decision in United States v. Nix, 572 F.2d 998 (4th Cir. 1978), where the court held that FBI file numbers "are ordinarily not of such genuine and significant public interest as to require FOIA disclosure." Id. at 1005. The plaintiff has not alleged that the redacted ID numbers constitute a matter of genuine public interest, and it is apparent that they do not. They therefore fall within the purview of exemption 2, and were properly redacted by the defendant from the six pages of documents it delivered to the plaintiff in response to her FOIA requests.

The defendant invokes exemption 6 with respect to the names of two employees, which were redacted from the documents released to the plaintiff pursuant to her FOIA requests. Exemption 6 applies to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). "The purpose of exemption 6 is to protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information." Core, 730 F.2d at 947 (citing United States Dep't of State v. Washington Post Co., 456 U.S. 595, 599 (1982)). The Court in Washington Post determined that this provision applied to all files containing information about a particular individual. Washington Post, 456 U.S. at 599. Once a file is deemed to fall within this definition, a court must determine whether disclosure would constitute a clearly unwarranted invasion of personal privacy by balancing the interest of protecting an

individual in his or her private affairs against the preservation of the right of the public to government information. Core, 730 F.2d at 948-49.

The defendant argues that exemption 6 should bar the plaintiff's right to access the names of the two employees in question because there is little to no public interest in disclosure of the names of the employees and the plaintiff's exhibits and history suggest that their public identification may subject them to harassment.[2] The two employees in question simply made a computerized record of the plaintiff's calls to the defendant. It is clear that no public interest will be served by disclosing their names to the plaintiff. Additionally, given the plaintiff's history of animosity with the defendant and its employees, and her persistent accusations against all those she perceives have wronged her, this court has determined that protection of these individuals in their private affairs is warranted. It is, therefore, clear that exemption 6 is applicable to this situation and was used properly by the defendant to redact the names of the two employees in question.

Because the plaintiff cannot demonstrate a genuine issue of material fact upon which a reasonable jury could find for her, her claim cannot survive the defendant's motion for summary judgment.

**V. Conclusion**

The parties' exchange of memoranda regarding the defendant's motion for summary judgment has demonstrated to the court that there exist no genuine issues of material fact in this

[2]The court notes the significant volume of correspondence that the plaintiff has provided as exhibits in support of her motion for summary judgment. Many of the letters included demonstrate the plaintiff's history of making accusations against various individuals, government entities and employees, and private companies.

case, and that the defendant, United States Department of Labor, is entitled to judgment as a matter of law.

For the reasons stated on the record, and for those discussed above, the court **GRANTS** the defendant's motion for summary judgment and **DENIES** the plaintiff's motion for summary judgment with respect to the plaintiff's entire claims, and the matter is dismissed.

This is a Final Order of judgment in these cases. Accordingly, the Court **ADVISES** the pro se plaintiff that she may appeal from this Order within sixty (60) days of the date of this Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510.

The Clerk is **REQUESTED** to send a copy of this Order to the pro se plaintiff and to the United States Attorney, Eastern District of Virginia.

It is so **ORDERED**.

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

September 15, 2006
Norfolk, Virginia